UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DIRK ADAM,

        Plaintiff,

   v.

CITY OF KALAMAZOO,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

# C O M P L A I N T

Plaintiff Dirk Adam alleges the following for his complaint against Defendant City of Kalamazoo.

## NATURE OF THE CASE

1.    This is an employment case about disability discrimination, retaliation, and an employer's refusal to accommodate an employee's disability.

2.    Plaintiff Dirk Adam worked for Defendant where he suffered from a condition (hereditary angioedema) that required Adam to take medication with a hypodermic needle and to sometimes take time off from work.

3.    After Adam showed his boss, Chris Nelson, the hypodermic needle that he needed to use to take his medication for his condition, Nelson had a noticeably negative reaction to the

needle.

4.     A week later after his decidedly negative reaction to seeing Adam's medication, Nelson fired Adam.  And, when doing so, Nelson told Adam that he felt that Adam "could just keel over and he can't have [him] working for the city."  Nelson then also specifically referred to Adam's need for leave for his hereditary angioedema when firing him where Nelson falsely assumed that Adam needed "emergency services" for his condition.

5.     Due to Defendant's discrimination, retaliation, and its refusal to consider an accommodation for Adam's disability (as well as Defendant's perception of him as having a disability and Adam's history of a disability), Adam has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6.     Plaintiff Dirk Adam is an individual person who resides in Kalamazoo County, Michigan.

7.     Defendant City of Kalamazoo is a municipality located in Kalamazoo County, Michigan.

8.     The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

9.     The Court has original subject matter jurisdiction over the claims asserted in the complaint under the ADA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.  The ADA also independently provides for subject matter jurisdiction in the United States courts. 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 12117(a); 29 U.S.C. § 2617(a)(2).

10.     The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so re-

lated to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

11.    Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

12.    Adam worked for Defendant as a wastewater operator and maintenance employee from July 8, 2024 until August 6, 2024.

13.    Adam suffers from a disability called hereditary angioedema, which is a genetic condition that involves episodes of swelling in various parts of the body such as the hands, arms, legs, abdomen, and face.

14.    Adam could control his hereditary angioedema with the use of medication, but he would occasionally need time off from work during an episode.

15.    Adam informed Defendant about his hereditary angioedema during his job interview and explained that he was able to manage and control his condition with medication.

16.    On July 23, 2024, Adam had a hereditary angioedema episode where he had to leave work and then took leave for a few days.

17.    Some of the medication Adam uses for his hereditary angioedema has to be administered with a hypodermic needle where Adam will inject himself with the medication (typically in the abdomen).

18.    On July 30, 2024, Adam returned to work and he showed his manager and boss, Chris Nelson, the medication and hypodermic needle that he used (similar to insulin injections) so that Nelson was aware and did not get the wrong impression.  Nelson, however, had an immediate and overtly negative reaction to seeing the hypodermic needle that Adam had to use to administer his medication.

- 3 -

19.     On July 30, Adam needed to inject himself with the medication and he required about 15 to 20 minutes before the medication took effect.

20.     During this time, and unbeknownst to Adam, Nelson had given an impromptu training about welding that Adam had missed while waiting for his medication to take effect.

21.     On August 6, 2024, one week after Nelson had reacted negatively to seeing Adam's medication and the hypodermic needle, Nelson called Adam into a meeting and fired him.

22.     Nelson said to Adam while firing him that Nelson thought that Adam "could just keel over and he can't have [Adam] working for the city."  Nelson also specifically referred to Adam's need for leave for his hereditary angioedema while firing him where he falsely assumed that Adam needed "emergency services" for his condition.

23.     Defendant claimed the reason for Adam's termination was that he missed Nelson's impromptu welding training.  But this was a pretext, and Nelson's comments about Adam's disability—that he thought Adam "could just keel over and [Nelson] can't have [Adam] working for the city," as well as Nelson's unfounded belief that Adam needed "emergency services" for his disability—revealed the real reason for Adam's firing:  Defendant fired Adam because of Adam's disability and his need for an accommodation for his disability.

24.     And, even if Defendant could legitimately rely on Adam missing the training that he did not know about as a reason to end his employment, Adam missed the training because of his disability and his use of medication to treat his disability.

25.     Adam filed a charge of discrimination against Defendant and has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1

### DISABILITY DISCRIMINATION IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT

26.     Adam repeats and incorporates all the previous allegations in his complaint.

27.     Adam has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

28.     Adam was a qualified individual able to perform the essential functions of the job he performed for Defendant.

29.     Adam requested a reasonable accommodation for his disability and for how Defendant regarded him as having a disability when he took time off from work and used medication to treat and manage his disability.

30.     Defendant discriminated against Adam and treated him differently (much worse) than non-disabled employees because of Adam's request for a reasonable accommodation and because of his disability and how Defendant regarded him as having a disability.

31.     Defendant terminated Adam's employment.

32.     Defendant took these adverse employment actions against Adam because of his disability, history of a disability, and the fact that Defendant regarded him as disabled.

33.     Adam suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 2

### DISABILITY DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

34.     Adam repeats and incorporates all the previous allegations in his complaint.

35.     Adam has a disability within the meaning of the Americans with Disabilities Act.

Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

36.    Adam was a qualified individual able to perform the essential functions of the job he performed for Defendant.

37.    Adam requested a reasonable accommodation for his disability and for how Defendant regarded him as having a disability when he took time off from work and used medication to treat and manage his disability.

38.    Defendant discriminated against Adam and treated him differently (much worse) than non-disabled employees because of Adam's request for a reasonable accommodation and because of his disability and how Defendant regarded him as having a disability.

39.    Defendant terminated Adam's employment.

40.    Adam's disability, history of a disability, and the fact that Defendant regarded him as disabled was one of the motives or reasons which made a difference in Defendant's decision to take these adverse employment actions against Adam.

41.    Adam suffered damages because of Defendant's discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

### COUNT 3

#### FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42.    Adam repeats and incorporates all the previous allegations in his complaint

43.    Adam has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

44.    Adam was a qualified individual able to perform the essential functions of the job he performed for Defendant.

45.    Adam requested a reasonable accommodation for his disability and for how Defendant regarded him as having a disability when he requested to take time off from work and to use medication to treat and manage his disability.

46.    Adam could have performed the essential functions of the job with a reasonable accommodation.

47.    Permitting Adam to take time off from work and allowing him to use medication would have posed no undue hardship to Defendant.

48.    But Defendant refused to allow Adam to take time off from work or use medication (without punishment) and unreasonably failed to provide any other accommodation that would have allowed him to perform his job.

49.    Adam suffered damages because of Defendant's failure to accommodate his disability, his history of a disability, and the fact that Defendant regarded him as disabled that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4

### FAILURE TO ACCOMMODATE IN VIOLATION OF
### MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

50.    Adam repeats and incorporates all the previous allegations in his complaint

51.    Adam has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

52.    Adam was a qualified individual able to perform the essential functions of the job he performed for Defendant.

53.    Adam requested a reasonable accommodation for his disability and for how Defendant regarded him as having a disability when he requested to take time off from work and to

use medication to treat and manage his disability.

54.     Adam could have performed the essential functions of the job with a reasonable accommodation.

55.     Permitting Adam to take time off from work and allowing him to use medication would have posed no undue hardship to Defendant.

56.     But Defendant refused to allow Adam to take time off from work or use medication (without punishment) and unreasonably failed to provide any other accommodation that would have allowed him to perform his job.

57.     Adam suffered damages because of Defendant's failure to accommodate his disability, his history of a disability, and the fact that Defendant regarded him as disabled that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 5

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

58.     Adam repeats and incorporates all the previous allegations in his complaint.

59.     Adam has a disability within the meaning of the Americans with Disabilities Act. Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

60.     Adam requested that Defendant provide him with a reasonable accommodation for his disability.

61.     Defendant terminated Adam's employment.

62.     Defendant terminated Adam's employment because of his protected activity in requesting a reasonable accommodation for his disability.

63.     Defendant retaliated against Adam because of his protected activities and there was a causal connection between Adam's protected activities and the adverse employment ac-

tions Defendant took against him.

64.     Adam suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 6

### RETALIATION IN VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

65.     Adam repeats and incorporates all the previous allegations in his complaint.

66.     Adam has a disability within the meaning of Michigan's Persons with Disabilities Civil Rights Act that was unrelated to his ability to perform the duties of his job with Defendant. Defendant also regarded Adam as having a disability and Adam had a history of having a disability.

67.     Adam requested that Defendant provide him with a reasonable accommodation for his disability.

68.     Defendant terminated Adam's employment.

69.     Defendant terminated Adam's employment because of his protected activity in requesting a reasonable accommodation for his disability.

70.     Defendant retaliated against Adam because of his protected activities and there was a causal connection between Adam's protected activities and the adverse employment actions Defendant took against him.

71.     Adam suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

72.     Adam demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

73.     Plaintiff Dirk Adam requests that the Court enter a judgment in his favor and

against Defendant City of Kalamazoo in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

74.    Adam also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

DIRK ADAM

Dated:  June 25, 2025                    By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com